**HUNT OIL COMPANY et al., Appellants,**

v.

**Mildred Mitchell JONES et vir,
Appellees.**

No. 4268.

Court of Civil Appeals of Texas.

Eastland.

Nov. 8, 1968.

Rehearing Denied Dec. 6, 1968.

Shank, Irwin, Conant & Williamson, Ralph B. Shank, Dallas, Ramey, Brelsford, Flock, Devereux & Hutchins, Frank L. McClendon, Tyler, William H. Tabb, Robert W. Shytles, Dallas, for appellants.

Payne, Pace & Benners, John A. Pace, Kliewer & Hood, Edward Kliewer, Jr., Dallas, for appellees.

WALTER, Justice.

Mildred Mitchell Jones and her husband filed suit against Hunt Oil Company, Hunt Petroleum Corporation, Caroline Hunt Trust Estate, S. H. Killingsworth, Mobil Oil Corporation, Atlantic-Richfield Company, C. L. Hanna and others in Dallas County for damages caused by a wrongful conspiracy.

The named defendants filed pleas of privilege based on subdivision 14 of Article 1995, Vernon's Ann.Tex.Rev.Civil Statutes. The plaintiffs filed controverting affidavits asserting that their cause of action was a suit for damages caused by a wrongful conspiracy and asserted that sections 4, 23, 27 and 29a of Article 1995 were applicable. The court overruled the pleas of privilege and the defendants have appealed.

They assert the court erred in overruling their pleas because appellees' suit is one for the recovery of land in Henderson County or an interest therein or is one for damages to land or is one for waste within the provisions of subdivision 14 of Article 1995.

A suit by appellees against some of the appellants to remove cloud on title and for title and possession to the land was decided in favor of appellees by the Supreme Court. 403 S.W.2d 325.

The parties stipulated that the land was located in Henderson County. The only other venue fact under subdivision 14 is whether the appellees' suit is for the recovery of land, damages thereto, or waste. This venue fact is determined by the allegations in appellees' petition.

The appellees are residents of Dallas County. The appellants Hunt Oil Company, Hunt Petroleum Corporation, Atlantic-Richfield Company and Mobil Oil Corporation are corporations with their principal offices in Texas in Dallas County. J. A. Goodson, trustee of the Caroline Hunt Trust Estate is a resident of Dallas County. Killingsworth is a resident of Gregg County. C. L. Hanna is a resident of Henderson County.

Subdivision 14 of 1995 is as follows:

"Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellees alleged that they were the owners of the land in controversy; that they executed an oil and gas lease on the property for ten years from August 16, 1951; that an attempt was made to pool the lease into the "Hunt Oil Company, et al—West Poyner Unit" but this was not authorized by the lease; that the lease terminated on August 16, 1961 but that Hunt Oil Company, Hunt Petroleum Corporation, Caroline Hunt Trust Estate, S. H. Killingsworth, Harvey Landrum and Horace W. Parks contended that such lease was in full force and effect. Appellees alleged the following:

"As an additional basis for damages, the Plaintiffs allege that the Defendants named in Paragraph XV were and did act in a wrongful conspiracy holding possession and converting to their own use the oil and gas produced from the Units which would have been sold and could have been produced by the Plaintiffs, except for the conspiracy of these Defendants in asserting the validity of the lease, and that the oil and gas lease Plaintiffs executed under which the Defendant claimed was in force and effect, and that such conspiracy resulted in Plaintiffs' damage in the sum of $500,000.00.

Plaintiffs further allege that the above Defendants and MOBIL OIL CORPORATION entered into a conspiracy under the terms of which the income allocable to the land above described was not paid to the Plaintiffs and was withheld from them and the Plaintiffs were not advised at any time that this sum of money allocable to the tract of land included in the unit by these Defendants was not being held by MOBIL OIL CORPORATION for her benefit and would not be paid to her upon final termination of the suit as to title in the event she were successful, and in furtherance of such conspiracy the said Defendants HUNT OIL COMPANY, et al, above named, did not at any time advise these Plaintiffs that they would not be admitted to the unit as of the date of first production. The said representatives of the HUNT OIL COMPANY did not so advise until after judgment of the Supreme Court of Texas became final that they would not be admitted into the unit and the runs allocable to the land of Plaintiff paid to these Plaintiffs. That during all of this time HUNT OIL COMPANY was the operator of the West Poyner Unit, and, with MOBIL OIL CORPORATION, designedly, intentionally, wrongfully and willfully withheld this information from the Plaintiffs, to their damage in the sum of $500,000.00."

We have concluded that the primary, dominant and ultimate purpose of appellees' suit, as shown by their petition, is not one for the recovery of land or damages thereto or to prevent waste therefrom. The Supreme Court has decided that the title to the land is vested in the appellees. Appellees are seeking in this case to recover damages against the appellants for a wrongful conspiracy.

The judgment is affirmed.